**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GREGORY WALSH, <u>et al.</u>,**<br><br>            Plaintiff-Relators,<br><br>v.<br><br>**BANK OF AMERICA NA, <u>et al.</u>,**<br><br>            Defendants. | Case No. 15-cv-00021 (CRC) |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiffs Gregory and Christina Walsh purchased their Virginia home with a variable-rate mortgage in 2006. When their interest charges increased beyond their ability to pay, the Walshes brought suit in the Eastern District of Virginia in 2011, asserting procedural defects in the sale and subsequent transfer of their mortgage. After the case was dismissed with prejudice, the Walshes brought suit anew in this Court, asserting the same claims as well as a claim to enforce a Consent Judgment entered in this Court between the United States and defendant Bank of America. Because private citizens, such as the Walshes, cannot enforce the terms of a judgment obtained by the federal government, the Court will dismiss this claim. And because the events surrounding the Walshes' mortgage and foreclosure have no connection to the District of Columbia, the Court will dismiss all but one of the remaining claims for improper venue. The Court will transfer the lone surviving claim to the Eastern District of Virginia.

**I.      Background**

Gregory and Christina Walsh are homeowners in Fairfax, Virginia who purchased their home under a variable-rate mortgage prior to the 2008 financial crisis. Compl. ¶ 2 & Ex. A. As with many other mortgages from this period, the Walshes' interest rate ballooned within a few years, and they fell behind on their payments. In 2011, the Walshes brought claims in Virginia state

court against Bank of America, which then held their mortgage, and others asserting fraud, violations of the Truth in Lending Act ("TILA"), Pub L. No. 90-321 (1987), and breach of fiduciary duty, among other claims. Am. Compl., Walsh v. Bank of America, NA, No. 11-cv-1168 (E.D. Va. Oct. 22, 2011). After the defendants removed the case to the Eastern District of Virginia, the District Court granted their motion to dismiss because (1) the Walshes had failed to oppose the motion; (2) their fraud, TILA, and breach of fiduciary duty claims were barred by the applicable statutes of limitations; and (3) the Walshes had failed to assert sufficient facts to state a claim as to their remaining counts. Order, Walsh v. Bank of America, NA, No. 11-cv-1168 (E.D. Va. Feb 15, 2012). After the Walshes amended their complaint, the District Court granted the defendants' renewed motion to dismiss for failure to oppose and failure to state a claim and dismissed the suit with prejudice. Order, Walsh v. Bank of America, NA, No. 11-cv-1168 (E.D. Va. Apr. 26, 2012).

Undeterred, the Walshes then sued in this Court, seeking damages and an injunction to prevent foreclosure of their home. They assert claims against Bank of America and HSBC Bank, which now holds their mortgage as trustee for Luminent Mortgage Trust 2006-5. The Walshes have also named Nationstar Mortgage, LLC, their current loan servicer, and the law firm Shapiro, Brown & Alt, which apparently represented Bank of America in foreclosure proceedings against the Walshes. Am. Compl. at 3, 7.[1] The Walshes seek to enforce a Consent Judgment entered into between Bank of America and the federal government in a prior case in this district, which settled allegations that Bank of America and other banks engaged in a host of deceptive and illegal practices in servicing mortgages and initiating foreclosure proceedings. See Consent Judgment,

---

[1] The Walshes have failed to file certificates of service or otherwise represent that they have properly served or noticed Bank of America or Shapiro, Brown & Alt regarding this action. Accordingly, the claims against these defendants will be dismissed without prejudice for failure to serve. LCvR 83.23.

[ECF. No. 11], United States v. Bank of America Corp, No. 12-cv-361 (D.D.C. Apr. 4, 2012) ("Consent Judgment"). As in the former case in the Eastern District of Virginia, the Walshes allege violations of TILA, contending that the company that originally sold them the mortgage did not accurately describe the anticipated interest rate, and that the entities who have since bought and sold their mortgage over the years have not followed procedures required by TILA. They also bring Virginia common law claims for breach of fiduciary duty, fraud, and intentional infliction of emotional distress based on the same behavior. The served defendants—Nationstar Mortgage and HSBC—have moved to dismiss the case for improper venue and failure to state a claim, contending that the Walshes cannot enforce the Bank of America Consent Judgment, that the case is otherwise unrelated to the District of Columbia, that the Walshes' claims have already been adjudicated in the Eastern District of Virginia, and that their claims are otherwise unmeritorious.

## II.     Legal Standards

Under Federal Rule of Civil Procedure 12(b)(3), a defendant may move to dismiss a suit for improper venue. "'In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor.'" Hunter v. Johanns, 517 F. Supp. 2d 340, 343 (D.D.C. 2007) (quoting Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d 274, 276 (D.D.C. 2002)). Factual allegations presented by a plaintiff proceeding *pro se* are held "to less stringent standards than formal pleadings drafted by lawyers." Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 n.2 (D.C. Cir. 2000) (quotations omitted). The complaint must contain facts "stat[ing] a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**III.    Analysis**

The Walshes assert numerous claims against financial institutions that have owned or serviced their mortgage over the years.  They bring these claims under TILA, state law, and a prior federal Consent Judgment against Bank of America, but at base they allege procedural errors such as a failure to provide proper disclosures or notification when ownership of the mortgage changed hands.  Along with their claims as individuals, the Walshes seek to bring claims as a relator on behalf of the United States and as representatives of a class of mortgagors.  The defendants have moved to dismiss all of the Walshes' claims, contending that: (1) the Walshes cannot bring a claim to enforce the Consent Judgment because they were not parties to the underlying action that resulted in the Judgment; (2) venue is improper in the District of Columbia because none of the defendants are citizens of this district and the alleged events giving rise to the claims occurred in Virginia; (3) the Walshes' claims are barred by the applicable statutes of limitations; (4) the suit is foreclosed by the Eastern District of Virginia judgment; and (5) the claims are otherwise unmeritorious.  The Court will address each of the Walshes' claims in turn.

      A.    <u>Consent Judgment</u>

In 2012, the federal government, 49 states, and the District of Columbia brought suit against Bank of America and a number of other financial institutions, alleging that they had engaged in deceptive and illegal practices in servicing mortgages and foreclosing on houses before and during the 2008 financial crisis.  Compl., Dkt. 1, <u>United States v. Bank of America Corp</u>, 12-cv-361 (D.D.C. Apr. 4, 2012).  The United States settled its claims against Bank of America with a Consent Judgment, which sets forth, among other things, a set of servicing standards with which the bank must comply in future foreclosure proceedings.  Consent Judgment Ex. A, Settlement Term Sheet. The Walshes seek to enforce these standards against the defendants here.  However, "'[a] consent decree is not enforceable directly or in collateral proceedings by those who are not parties to it even

though they were intended to be benefited by it.'" SEC v. Prudential Sec. Inc., 136 F.3d 153, 157 (D.C. Cir. 1998) (quoting Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723, 750 (1975)). This rule applies with even greater force when the government is a party to the judgment. See Beckett v. Air Line Pilots Ass'n, 995 F.2d 280, 288 (D.C. Cir. 1993) ("Only the Government can seek enforcement of its consent decrees. . . [and] even if the Government intended its consent decree to benefit a third party, that party could not enforce it unless the decree so provided" (citations omitted)). Applying these principles, several other courts in this district have denied mortgagors' attempts to enforce the Consent Judgment entered into in United States v. Bank of America. E.g., McCain v. Bank of Am., 13 F. Supp. 3d 45 (D.D.C. 2014), aff'd sub nom., No. 14-7016, 2015 WL 3372356 (D.C. Cir. May 18, 2015); Ghaffari v. Wells Fargo Bank, N.A., 6 F. Supp. 3d 24 (D.D.C. 2013).

The Walshes nevertheless contend that they can enforce the Consent Judgment as a relator on behalf of the government. Not so. A party may not proceed in a claim as a relator unless represented by counsel. E.g., U.S. ex rel. Fisher v. Network Software Assocs., 377 F. Supp. 2d 195, 196 (D.D.C. 2005) (citing Rockefeller v. Westinghouse Elec. Co., 274 F. Supp. 2d 10, 12 (D.D.C. 2003)). The Walshes are proceeding *pro se*. Furthermore, as explained above, by its own terms and according to binding Supreme Court and D.C. Circuit precedent, the Consent Judgment cannot be enforced by private citizens, whether acting on their own behalf or purportedly on behalf of the government. The Walshes also maintain that a 177-year-old Supreme Court case, Georgetown v. Canal Company, 37 U.S. 91 (1838), permits the Court to exercise its equitable jurisdiction to enforce a consent decree to prevent irreparable harm. They rely on a passage from that case stating that "*in cases of nuisance*, . . . [equity jurisdiction] may be exercised in those cases in which there is imminent danger of irreparable mischief, before the tardiness of the law could reach it." Id. at 92 (emphasis added). A claim of nuisance, however, involves an "unreasonable interference" with

either "public rights," such as health and safety, or the "private use of land." Restatement (Second) Of Torts §§ 821B(1), 821D (1979). Nuisance activity might include, for example, "indecent conduct or a rubbish heap or the smoking chimney of a factory." Id. § 821A Comment b.1. The doctrine has no application to this case.

For all of these reasons, the Walshes cannot bring a claim under the Bank of America Consent Judgment. Accordingly, this claim will be dismissed.

    B. <u>Venue</u>

Requiring that cases be brought in the proper venue ensures that a district with some interest in the dispute or nexus to the parties adjudicates the plaintiff's claims. Venue is proper in the district where (1) a defendant resides; (2) the events giving rise to the suit occurred; or (3) if venue would not be proper in any district for those reasons, a case may be brought wherever the defendants are subject to personal jurisdiction. 28 U.S.C. § 1391(b). Under certain circumstances, a court may exercise pendant venue over claims that are related to a claim properly brought in that court, but it may not exercise pendant venue based on a claim that has been dismissed. <u>Cameron v. Thornburgh</u>, 983 F.2d 253, 257 (D.C. Cir. 1993). Here, although venue might arguably have been proper in this district as to the Walshes' Consent Judgment claim, that claim has been dismissed. <u>See</u> <u>McCain</u>, 13 F. Supp. 3d at 54 (finding improper venue as to remaining claims after dismissing claim based on the Consent Judgment) (collecting cases). The Walshes' remaining claims all stem from the mortgage on their Virginia property. The events surrounding their claims did not occur in the District of Columbia, nor have the Walshes alleged that any of the defendants are residents of the District of Columbia. And because venue would be proper in the Eastern District of Virginia, the remaining claims cannot be brought under the third prong of Section 1391(b) either. Accordingly, the Walshes cannot bring their remaining claims in this Court.

When venue is improper, the district court must dismiss the suit or, if it is in the interests of justice, transfer the case to a district in which the case could have been brought. 28 U.S.C. § 1406(a). Dismissal, instead of transfer, is appropriate when the plaintiff's claims suffer from significant substantive problems. Simpkins v. District of Columbia, 108 F.3d 366, 371 (D.C. Cir. 1997). Whether to dismiss or transfer the case is committed to the sound discretion of the district court. Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983).

The Eastern District of Virginia has already adjudicated the Walshes' TILA, breach of fiduciary duty, and fraud claims against Bank of America and other entities that owned or serviced their mortgage. These claims were dismissed with prejudice because they were barred by the applicable statutes of limitations. Order, Walsh v. Bank of America, NA, No. 11-cv-1168 (E.D. Va. Feb 15, 2012). In that case, the Walshes had the opportunity to litigate the issues they now raise, but they failed to oppose either of the defendants' two motions to dismiss. Accordingly, claim preclusion bars this suit as to those same defendants. See, e.g., Taylor v. Sturgell, 553 U.S. 880, 892 (2008) ("a final judgment forecloses 'successive litigation of the very same claim'" (quoting New Hampshire v. Maine, 532 U.S. 742, 748 (2001)). The Walshes' claims against HSBC and Nationstar are mostly precluded as well because, as the succeeding owners of the mortgage underlying the claims, both are in privity with Bank of America. See, e.g., id. ("nonparty preclusion may be justified based on a variety of pre-existing substantive legal relationship[s] between the person to be bound and a party to the judgment" including "preceding and succeeding owners of property" (internal quotations omitted) (alterations in original)); Richards v. Jefferson Cnty, 517 U.S. 793, 798 (1996) (claim preclusion applies "when it can be said that there is 'privity'

7

between a party to the second case and a party who is bound by an earlier judgment").[2] Claim preclusion, however, does not appear to apply to one of the TILA violations alleged by the Walshes. Specifically, they contend that HSBC and Nationstar failed to properly notice transfer of the mortgage within 30 days of purchasing it from Bank of America as is required by 15 U.S.C. § 1641(g). This claim could not have been raised in the Eastern District of Virginia litigation, which ended before this mortgage transfer occurred, and it is not facially without merit. The defendants, moreover, fail to address this specific allegation in their motion to dismiss. Accordingly, the Court will dismiss the Walshes' claims for fraud and breach of fiduciary duty in their entirety and will dismiss the TILA claim except for plaintiffs' allegation that HSBC and Nationstar failed to notice the mortgage transfer. The Court will transfer the remnants of the TILA claim to the Eastern District of Virginia.

Finally, the Walshes bring a claim for intentional infliction of emotional distress based on the defendants' alleged misrepresentation of expected financial charges in their loan papers. Opp'n to Mot. to Dismiss at 18–19. The Walshes did not raise this claim in the Eastern District of Virginia. A two year statute of limitations applies to a claim of intentional infliction of emotional distress under Virginia law. Thompson v. Harvester, Inc., No. 3:13-cv-00635, 2014 WL 1571968, at *3 (E.D. Va. Apr. 17, 2014) (citing Va. Code Ann. § 8.01–243). Based on the facts alleged in the Walshes' complaint, they received the loan information in 2006 and would have learned of the

---

[2] The Walshes argue that their TILA claims are not barred by the applicable statute of limitations because 15 U.S.C. § 1640(k) permits a mortgagor to assert TILA violations as a recoupment defense even if the statute of limitations has expired. First, the adverse Eastern District of Virginia judgment is fatal to this claim. The Walshes cannot overcome claim preclusion by raising arguments in this Court that could and should have been raised previously. Second, the provision to which the Walshes refer enables them to assert TILA violations as a *defense* in a foreclosure action brought by their mortgagee. It does not enable them to bring a civil action, let along an untimely one, against their mortgagee.

alleged discrepancy between the charges reflected in loan documents and their actual mortgage payments by 2011 at the latest.  Compl. ¶¶ 2, 31.  Accordingly, this claim falls outside the applicable statute of limitations and will be dismissed for lack of venue.  Lastly, the Walshes cannot bring their claims on behalf of a class or mortgagors for the reasons stated above and because they are not represented by counsel.  E.g., Paulson v. Apple Inc., No. 15-cv-00556, 2015 WL 1825283, at *1 (D.D.C. Apr. 13, 2015) ("a *pro se* party, such as plaintiff, cannot represent a class or any other individual in federal court" (citing 28 U.S.C. § 1654)).

### IV.     Conclusion

For the foregoing reasons, it is hereby

**ORDERED** that [4] Defendants HSBC Bank and Nationstar Mortgage's Motion to Dismiss or, Alternatively, to Transfer, is GRANTED in part and DENIED in part.  It is further

**ORDERED** that Defendants Bank of America and Shapiro, Brown & Alt are dismissed without prejudice.  It is further

**ORDERED** that Counts II, III, and IV are dismissed in their entirety.  It is further

**ORDERED** that Count I is dismissed except with regard to Plaintiff's allegations that Defendants HSBC Bank and Nationstar Mortgage violated 15 U.S.C. § 1641(g).  And it is further

**ORDERED** that this case is transferred to the United States District Court for the Eastern District of Virginia.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date:    June 29, 2015